UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANNIE RUTH

CIVIL ACTION

VERSUS

NUMBER 11-514-JJB-SCR

BATON ROUGE AREA ALCOHOL AND
DRUG DETOX CENTER, ET AL

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, December 19, 2011.

                      STEPHEN C. RIEDLINGER
                      UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANNIE RUTH

CIVIL ACTION

VERSUS

NUMBER 11-514-JJB-SCR

BATON ROUGE AREA ALCOHOL AND
DRUG DETOX CENTER, ET AL

## MAGISTRATE JUDGE'S REPORT

When a review of the record showed that neither defendant had filed an answer or otherwise made an appearance and the time allowed by Rule 4(m), Fed.R.Civ.P., to serve the defendants had expired, plaintiff Annie Ruth was ordered to show cause why her Complaint should not be dismissed pursuant to Rule 4(m).[1] Plaintiff timely filed a response to the show cause order and requested an additional 60 days to locate, and presumably serve, the defendants.[2]

Plaintiff provided no factual basis to support finding that she will ever be able to locate and served either defendant. While she believes defendant Dr. Joseph Munson may be working somewhere in Florida, she provided no facts which support her belief, nor did she state when she obtained whatever facts she has which led to her belief. Plaintiff has apparently not retained a private

---

[1] Record document number 5.

[2] Record document number 6.

investigator to find him. As to defendant Baton Rouge Area Alcohol and Drug Detox Center, the plaintiff explained that although it has "disbanded," Dr. Munson was its director and she believes he is the proper party to be served for the organization. Again, the plaintiff provided no factual basis to support her belief (e.g., a record from the Louisiana Secretary of State identifying Dr. Munson as the Center's agent for service of process).

Rule 4(m) requires the court to extend the time for service if the plaintiff shows good cause for failing to timely serve the defendants. Plaintiff has not shown good cause.[3] Nonetheless, the rule gives the court discretion to extend the time for service even if the plaintiff does not show good cause. A discretionary extension of the time for service is not warranted. There is no factual basis to conclude that the plaintiff will be able to locate and serve Dr. Munson within the additional 60 days she sought, or ever. She has already had twice that amount of time since filing her Complaint to locate him, and the most she offered is her unsupported belief that he is somewhere in Florida.

## Recommendation

It is the recommendation of the magistrate judge that the

---

[3] Furthermore, the court put the plaintiff on notice nearly two months ago that her failure to serve the defendants may result in dismissal of her Complaint. Record document number 4.

plaintiff's Complaint be dismissed pursuant to Rule 4(m).[4]

Baton Rouge, Louisiana, December 19, 2011.

*signature*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4] It is well established that a dismissal without prejudice is permitted by Rule 4(m) even when a re-filed complaint would be time-barred. *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304 (5th Cir. 1985); *McDonald v. United States*, 898 F.2d 466 (5th Cir. 1990); *Traina v. United States*, 911 F.2d 1155 (5th Cir. 1990); *Peters v. United States*, 9 F.3d 344 (5th Cir. 1993); *Thompson v. Brown*, 91 F.2d 21, 21 (5th Cir. 1996); *Newby v. Enron Corp.*, 284 Fed.Appx. 146 (Cir. 2008)(district court may order a dismissal under Rule 4(m) even where it will operate as with prejudice because the statute of limitations has run); *contra Millan v. USAA General Indem. Co.*, 546 F.3d 321 (5th Cir. 2008)(applying Rule 41(b) standard to Rule 4(m) dismissal).

3